■ SHEERA SOBIN et al., Appellants, v VINCENT GUARNACCIA, Respondent. [682 NYS2d 93] —In an action to recover damages for alleged malpractice by a psychologist, the plaintiffs appeal from an order of the Supreme Court, Nassau County (De Maro, J.), dated December 3, 1997, which granted the defendant's motion to dismiss the complaint as time-barred pursuant to CPLR 214-a.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The Court of Appeals has held that "the services provided by psychologists, however scientifically based they may be, are not 'medical' services within the meaning of CPLR 214-a" (*Karasek v LaJoie*, 92 NY2d 171, 177). Accordingly, the instant action, which was commenced more than 2½ years but less than 3 years after the plaintiffs discontinued their treatment with the defendant, a licensed psychologist, is timely (*see,* CPLR 214 [6]). Rosenblatt, J. P., Santucci, Friedmann and McGinity, JJ., concur.

■ STATEN ISLAND BOAT SALES, INC., Respondent, v ANTHONY PISCOPIO, Appellant. [683 NYS2d 436] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Richmond County (Leone, J.), dated December 3, 1997, which, *inter alia*, granted the plaintiff's motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff has demonstrated its entitlement to judgment in its favor on the issue of liability as a matter of law (*see,* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562). In response, the defendant failed to proffer any evidence to show the existence of triable issues of fact. Under the circumstances, partial summary judgment on the issue of liability was properly granted to the plaintiff. Rosenblatt, J. P., Santucci, Friedmann and McGinity, JJ., concur.